**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**ELECTROSTIM MEDICAL
SERVICES, INC.,**

      **Plaintiff,**                  **Case No.: 8:11-CV-02467-VMC-TBM**

**v.**

**DAWN LINDSEY and ZYNEX
MEDICAL, INC.,**

      **Defendants.**

_____/

**PLAINTIFF'S RESPONSE TO DEFENDANT ZYNEX'S
MOTION TO DISMISS AMENDED COMPLAINT**

Plaintiff, Electrostim Medical Services, Inc. ("EMSI"), by and through its undersigned counsel, responds to Defendant Zynex Medical, Inc.'s ("Zynex") Motion to Dismiss Amended Complaint (Dkt. 22), and states that, for the following reasons, the motion should be denied.

**MEMORANDUM OF LAW**

**I.    Discussion**

Determining the propriety of granting a motion to dismiss requires courts to accept all the factual allegations in the complaint as true and evaluate all inferences derived from those facts in the light most favorable to the plaintiff. See Hunnings v. Texaco, Inc., 29 F.3d 1480, 1483 (11th Cir. 1994). To survive a motion to dismiss, a plaintiff's complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1960, 167 L. Ed. 2d 929 (2007).

In this action, Plaintiff alleges tortious interference and unjust enrichment against Zynex under Florida common law. Zynex moves to dismiss, claiming that Plaintiff has failed to state a

cause of action.  Defendant relies upon <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937 (2009) in support of its argument.  However, the <u>Iqbal</u> decision addresses a concern not at issue in this case – i.e., a complaint that merely recites the elements of a cause of action, coupled with nothing more than conclusory allegations.  The essence of the <u>Iqbal</u> decision is that a plaintiff must sufficiently allege facts demonstrating the existence of plausible claims or liability by the defendant. Plaintiff's Amended Complaint alleges in a clear and concise manner that Defendant has tortiously interfered with the contractual and business relationships of EMSI and that it has been unjustly enriched as a result of its behavior.

**A.      Plaintiff's Amended Complaint States a Cause of Action for Tortious Interference**

In its Motion to Dismiss, Defendant begins by mistakenly **s**tating that, "[t]he basis for Plaintiff's claim is that EMSI's counsel notified the President of Zynex of the Agreement between Plaintiff and Lindsey on or about July 26, 2011 and August 30, 2011, and despite that notice, Zynex continues to employ Lindsey."  First, even if Defendant's mischaracterization of what the Plaintiff pled was the sole basis of Plaintiff's tortious interference claim, as Defendant contends, it would still be enough to support a claim under that cause of action.  The elements of a tortious interference claim are: 1) the existence of a valid contract; 2) the third-party has knowledge of the contract; 3) the third party intentionally and unjustifiably interfered with a party's rights under the contract; and 4) damages.  <u>Mariscotti v. Merco Group At Akoya, Inc.</u>, 917 So. 2d 890, 893 (Fla. 3d DCA 2005).  Thus, even if this Court were to accept Plaintiff's mischaracterization of the facts pled in the Amended Complaint, it still alleges: 1) the existence of the Agreement between EMSI and Lindsey, 2) Zynex's knowledge of the Agreement beginning in around July 26, 2011, 3) Zynex's affirmative decision to continue to interfere with

EMSI's rights under the Agreement by continuing to employ Lindsey, and the 4) damages that EMSI has incurred as a result of Zynex's behavior.  Thus, it states a cause of action.

Contrary to what Defendant implicitly asks this Court to do, the proper standard is for the Court to accept all the factual allegations in the Amended Complaint as true and evaluate all inferences derived from those facts in the light most favorable to the plaintiff.  See Hunnings at 1483.  As such, the Court need not rely on Defendant's mischaracterization of what was actually pled in the Amended Complaint; importantly, Plaintiff alleged additional facts in support of its claim.  For example, in paragraph 24 of its Amended Complaint, Plaintiff states, "[u]pon information and belief, Zynex asked Lindsey about the Agreement prior to receiving the July 26, 2011 letter described in the previous paragraph.  *Furthermore, upon information and belief, Lindsey told Zynex about the Agreement prior to receiving the July 26, 2011 letter.*"  Amended Complaint ¶24. (emphasis added -- for reasons unknown to Plaintiff, Defendant chose to omit this portion when quoting paragraph 24 in its Motion to Dismiss).  Additionally, later in its Amended Complaint, Plaintiff states:

> 39.  Upon information and belief, Zynex inquired about the Agreement prior to receiving the July 26, 2011 letter, Lindsey informed Zynex about the Agreement prior to Zynex's receipt of the July 26, 2011 letter, and Zynex knew about the Agreement prior to Zynex's receipt of the July 26, 2011 letter.
> 40.  Zynex induced Lindsey to breach the Agreement with EMSI by initially employing her, and by continuing to employ her.
> 41. Zynex acted for the specific purpose of causing an invasion of EMSI's interests.
> 42. Zynex's actions as described herein, including but not limited to its continued employment of Lindsey, in spite of its knowledge that she is bound by a restrictive covenant with EMSI, has unjustifiably and intentionally interfered with the business relationship existing between EMSI and Lindsey.
> 43. Zynex has no justification or privilege supporting its intentional interference with EMSI's contractual relationship with Lindsey.
> 44. EMSI has been damaged by Zynex's unjustified and intentional interference with the contractual and business relationships of EMSI.

Amended Complaint ¶39-44.

Furthermore, in its Amended Complaint, Plaintiff quoted the text of the Agreement wherein Lindsey agreed to, "inform each new employer, prior to accepting employment, of the existence of this Agreement and provide that employer with a copy of this Agreement." Amended Complaint ¶18.  This allegation is important because it gives further credence to Plaintiff's contention that Defendant knew about the Agreement before it hired Lindsey, which gives further support that Defendant tortiously interfered.  Moreover, it is each of these facts and allegations taken together, not any one or two of them, or some of them, that form the basis of Plaintiff's tortious interference claim against Defendant.

Digging even deeper into Defendant's argument, Defendant states that Plaintiff "failed to allege sufficient facts to support the second element of the claim — that Zynex had knowledge of the contract at the time it hired Lindsey."  In support of this position, Defendant states that Plaintiff's only allegation to support the second element of the claim is that Defendant asked Lindsey about the Agreement prior to receiving the July 26, 2011 letter.  As has been previously covered in this response, Defendant's characterization of what was actually pled is misleading.  Not only did Plaintiff allege that Defendant asked about the Agreement, but it also alleged that Lindsey told Zynex about the Agreement, that Zynex knew about the Agreement prior to receiving the July 26, 2011 letter, and that Lindsey was obligated to tell Zynex about the Agreement prior to accepting employment with Zynex.  In sum, Plaintiff has more than adequately pled this element of the cause of action.

Even more curious, Defendant proceeds to confusingly mesh the second element, knowledge of the contract, with the third element, that Defendant intentionally and unjustifiably interfered with a party's rights under the contract.  For example, as further support that Plaintiff has not met the second element, the knowledge requirement, Defendant states that, "even if

Zynex did know about Lindsey's contract…[k]knowledge of a party's contract with another is not a factor in determining whether a defendant induced it breach."  Defendant is needlessly confusing the tortious interference cause of action by meshing elements two and three together in its discussion of element two.  Of course, knowledge alone is not enough to sustain the cause of action as a whole; Plaintiff agrees with Defendant that more, namely the other elements, needs to be pled.  However, knowledge of the contract is enough to sustain the second element of the cause of action, and Plaintiff has more than adequately pled that Defendant had knowledge of the contract at issue.

Moving to the third element, which is that the third party intentionally and unjustifiably interfered with a party's rights under the contract, Defendant mistakenly contends that Plaintiff's only support for that element is that, "Zynex induced Lindsey to breach the Agreement with EMSI by initially employing her, and by continuing to employ her."  As has been detailed above, in its Amended Complaint Plaintiff alleged that the Defendant knew about the Agreement before it hired Lindsey, that it still decided to employ her, that it subsequently received multiple communications about the Agreement from Plaintiff's counsel, including copies of the Agreement, all the while continuing to employ Lindsey in violation of the Agreement.  These repeated acts of total disregard of the Agreement between EMSI and Lindsey, without any further facts, establish the third element.  Nonetheless, the Amended Complaint also states that "Zynex acted for the intentional purpose of causing an invasion of EMSI's interests."  Amended Complaint ¶20.  There is nothing else that EMSI need to say, or can say, in that regard.  If, during summary judgment or at the trial of this case, Defendant wants to argue that it acted for some other reason, it is free to do so.  However, at the motion to dismiss stage, Plaintiff has more than adequately pled facts in support of its claim.  In short, Plaintiff's tortious interference claim

includes "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atl. Corp. v.</u>
<u>Twombly</u>, 550 U.S. 544, 127 S.Ct. 1955, 1960, 167 L. Ed. 2d 929 (2007).   Accordingly,
Defendant's motion must be denied.

**B.**    **Defendant's Amended Complaint States a Cause of Action for Unjust**
         **Enrichment**

To state a claim for unjust enrichment, a plaintiff must plead the following elements: 1)
the plaintiff has conferred a benefit on the defendant; 2) the defendant has knowledge of the
benefit; 3) the defendant has accepted or retained the benefit conferred; and 4) the circumstances
are such that it would be inequitable for the defendant to retain the benefit without paying fair
value for it.   <u>Golden v. Woodward</u>, 15 So. 3d 664, 670 (Fla. Dist. Ct. App. 1st Dist. 2009).
Furthermore, an action for unjust enrichment exists *to* prevent the wrongful retention of a
benefit, or the retention of money or property of another, in violation of good conscience and
fundamental principles of justice or equity."   <u>Id</u>.   quoting <u>Henry M. Butler, Inc v. Tizec Prop.,</u>
<u>Inc.</u>, 524 So.2d 710, 711 (Fla.2d DCA 1988).

In its Amended Complaint, Plaintiff alleges an unjust enrichment claim against
Defendant on the basis that it has been conferred a benefit in the form of accepting business and
entering into agreements with EMSI customers that it would not have otherwise entered into had
it not employed Lindsey.   Amended Complaint ¶46.   Defendant's only argument in support of
dismissing the unjust enrichment cause of action is that Plaintiff does not show that it conferred a
benefit on Defendant.   However, the Amended Complaint demonstrates that Plaintiff did confer
a benefit on Defendant.   Evidence of this benefit is Defendant's employment of Lindsey, a
former sales person for EMSI who had access to Plaintiff's business methods, pricing schedules,
customer lists, projected business and prospective client lists, and other confidential and
proprietary business information of EMSI.   Amended Complaint ¶14.   Defendant also has since

accepted business and entered into agreements with EMSI customers that it would not have not otherwise have achieved had it not improperly employed Lindsey.  This is another benefit that has been conferred on Defendant.

The cases that Defendant cites to support its position that the Plaintiff must directly confer a benefit on Defendant involved wholly different issues than the issue at hand.  For example, Peoples Nat'l Bank of Commerce v. First Union Nat'l Bank, N.A., 667 So. 2d 876 (Fla. Dist. Ct. App. 3d Dist. 1996) involved a Plaintiff who was attempting to recover overpayments that were allegedly made by a third party *that had no relationship to the Plaintiff*.  In that case, Peoples National sued First Union and the other participant lenders for declaratory relief and unjust enrichment seeking to recover alleged overpayments of principal and interest that an entirely different party, Southeast, had previously distributed to the other participant lenders. Peoples National at 878.  In contrast, a direct relationship does exist between Plaintiff and Defendant, by way of Lindsey.  In the employment context, there can be no more direct relationship than when an employee stops working for one company and starts working at another company.  Lindsey is Zynex's employee; through Lindsey, Zynex is reaping substantial financial rewards.  Because Lindsey is bound by a restrictive covenant, her employment by Zynex is improper.  Defendant wants this Court to ignore this simple truth, which is more than amply pled in the Amended Complaint.

A good example of the folly present in Defendant's argument is its citation to Extraordinary Title Servs., LLC v. Fla. Power & Light Co., 1 So. 3d 400 (Fla. Dist. Ct. App. 3d Dist. 2009), in which the Court stated that the second amended complaint indicated that, "the Plaintiff *had absolutely no relationship* with Group and has not conferred a direct benefit upon Group."  Id.  at 404 (emphasis added).  In stark contrast, Plaintiff has alleged the existence of a

7

direct relationship in this case by way of its protected relationships and business information being carried directly to Zynex via Lindsey, Zynex's employee. Whether Defendant chooses to accept it or not, Lindsey is now a part of it and any ill gotten gains she achieves in her employment directly benefit Defendant. Plaintiff has fully pled facts that support its unjust enrichment count. Accordingly, Defendant's motion must be denied.

Conclusion

Defendant claims the need for a level of facts that neither <u>Iqbal</u> or <u>Twombly</u> require. For the reasons set forth above, Defendant's motion should be denied.

Dated this 21st day December, 2011.

Respectfully submitted,

s/ Matthew K. Fenton
**MATTHEW K. FENTON**
Florida Bar Number: 0002089
WENZEL FENTON CABASSA, P.A.
1110 North Florida Avenue, Suite 300
Tampa, Florida  33602
Telephone: 813-224-0431
Facsimile: 813-229-8712
Email: mfenton@wfclaw.com
**Attorneys for Plaintiff**

<u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on December 21, 2011, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notice of electronic filing to the following:

Michael R. Carey
Carey, O'Malley, Whitaker & Muller, P.A.
712 South Oregon Avenue
Tampa, Florida  33606
E-Mail: mcarey@cowmpa.com

8

Gail G. Holtzman
Ronald H. Trybus
Kass Shuler, P.A.
1505 North Florida Avenue
Tampa, Florida  33602
E-Mail: gholtzman@kasslaw.com

Sean Gallagher
Megan Harry
Polsinelli Shughart, PC
1515 Wynkoop
Suite 600
Denver, Colorado  80202

s/ Matthew K. Fenton
**MATTHEW K. FENTON**