UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ELECTROSTIM MEDICAL SERVICES,
INC.,

       Plaintiff,

v.                    Case No.: 8:11-cv-2467-T-33TBM

DAWN LINDSEY and ZYNEX MEDICAL,
INC.,

       Defendants.
_____/

**ORDER**

This matter comes before the Court pursuant to Defendant Zynex's Motion to Dismiss Amended Complaint (Doc. # 24), filed on December 8, 2011. Plaintiff filed a response in opposition on December 21, 2011. (Doc. # 34). For the reasons that follow, the Court grants the motion in part and denies the motion in part.

**I.  Background**

Plaintiff, a designer and seller of medical products, employed Defendant Dawn Lindsey as a sales person and area manager. (Doc. # 14 at ¶ 14). As part of her employment, on or about July 1, 2004, Lindsey executed an Agreement which, among other things, prohibited her for a period of 24 months following her employment with Plaintiff from working for a competitor in any state or territory in which Plaintiff sold

its products.  (Id. at ¶ 16).  The Agreement also required her to notify and provide a copy of the Agreement to any new employers prior to accepting employment.  (Id. at ¶ 18). Finally, the Agreement prohibited Lindsey from soliciting Plaintiff's customers for two years after the end of her employment with Plaintiff.  (Id. at ¶ 17).

At some point prior to July 26, 2011, Lindsey left Plaintiff's employment and began working for Zynex, a competitor of Plaintiff.  Following Zynex's hiring of Lindsey, Plaintiff's counsel sent a letter to Lindsey and Zynex on or about July 26, 2011, reminding them of Lindsey's obligations under the Agreement.  (Id. at ¶ 21).  Plaintiff's counsel sent a second correspondence to Zynex on August 30, 2011, attaching a copy of the July 26, 2011, letter. (Id. at ¶ 25).  Plaintiff alleges that despite the Agreement, Lindsey has continued her employment with Zynex.  (Id. at ¶ 26).

In the Amended Complaint, Plaintiff alleges one count for breach of contract against Lindsey (Count I), claiming that Lindsey violated the Agreement by being employed by Zynex, by soliciting Plaintiff's customers, and by divulging and using Plaintiff's confidential and proprietary information.  (Id. at ¶¶ 20, 34).  Plaintiff alleges counts against Zynex for tortious interference with its contractual and business

-2-

relationships with Lindsey (Count II) and for unjust enrichment (Count III). Zynex's Motion to Dismiss Counts II and III for failure to state a cause of action pursuant to Rule 12(b)(6) is now before the Court.

## II.  Legal Standard

To warrant dismissal of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, it must be "clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Blackston v. State of Alabama, 30 F.3d 117, 120 (11th Cir. 1994)(quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)).  On a motion to dismiss, this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004).  Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990) ("On a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true.").

In Bell Atlantic Corp. v. Twombly, the Supreme Court articulated the standard by which claims should be evaluated on a motion to dismiss:

-3-

> While a complaint attacked by a Rule 12(b)(6)
> motion to dismiss does not need detailed factual
> allegations, a plaintiff's obligation to provide
> the grounds of his entitlement to relief requires
> more than labels and conclusions, and a formulaic
> recitation of the elements of a cause of action
> will not do. Factual allegations must be enough to
> raise a right to relief above the speculative
> level.

550 U.S. 544, 555 (2007)(internal citations omitted).

Further, courts are not "bound to accept as true a legal

conclusion couched as a factual allegation." Papasan v.

Allain, 478 U.S. 265, 286 (1986).

## III. Analysis

### A. Tortious Interference

Under Florida law,[1] "the elements of tortious

interference with a business relationship are: (1) the

existence of a business relationship that affords the

plaintiff existing or prospective legal rights; (2)

defendant's knowledge of the business relationship; (3) the

defendant's intentional and unjustified interference with the

relationship; and (4) damage to the plaintiff." Int'l Sales &

Serv., Inc. v. Austral Insulated Prods., Inc., 262 F.3d 1152,

---

[1]   For purposes of its Motion to Dismiss, Zynex moves
to dismiss pursuant to Florida law, but in doing so, does not
concede that Florida law should govern the claims against it.
(Doc. # 24 at 3 n.3). Accordingly, the Court will herein
analyze Plaintiff's claims under Florida law without deciding
the issue of which governing law should ultimately apply.

-4-

1154 (11th Cir. 2001) (citation omitted); see also Ethan
Allen, Inc. v. Georgetown Manor, Inc., 647 So. 2d 812 (Fla.
1994). Zynex argues that Plaintiff has failed to allege
sufficient facts to support the second and third elements of
the claim.

Regarding the second element, Zynex asserts that
Plaintiff has not alleged sufficient facts to show that Zynex
had knowledge of the Agreement at the time it hired Lindsey.
Zynex maintains that the Amended Complaint contains only one
allegation to support this element: "Upon information and
belief, Zynex asked Lindsey about the Agreement prior to
receiving the July 26, 2011, letter." Zynex argues that such
allegation is insufficient to establish that it had knowledge
of the Agreement prior to employing Lindsey.

However, Plaintiff points out that the Amended Complaint
does contain several other allegations regarding this element.
Specifically, the Amended Complaint alleges that Zynex
"inquired about the Agreement prior to receiving the July 26,
2011 letter, Lindsey informed Zynex about the Agreement prior
to Zynex's receipt of the July 26, 2011 letter, and Zynex knew
about the Agreement prior to Zynex's receipt of the July 26,
2011 letter." (Doc. # 14 at ¶ 39). Accepting these
allegations as true and construing them in the light most

-5-

favorable to Plaintiff, the Court finds that Plaintiff has sufficiently alleged the second element of a tortious interference claim to withstand a motion to dismiss.

Similarly, regarding the third element of the claim -- intentional interference with the Agreement -- Zynex argues that Plaintiff has alleged insufficient facts to support the claim.  Specifically, Zynex argues that the allegation that "Zynex induced Lindsey to breach the Agreement with [Plaintiff] by initially employing her, and by continuing to employ her" is insufficient to satisfy the third element, because "Plaintiff must show that Zynex acted for the specific purpose of causing an invasion of [Plaintiff's] interest." (Doc. # 24 at 6).

Zynex's arguments to the contrary, at this stage of the proceedings, Plaintiff need not *prove* its allegations, but must only allege sufficient facts to raise a right to relief above the speculative level.  Here, Plaintiff has alleged that Zynex induced Lindsey to breach the Agreement, and that it did so by initially employing Lindsey and by continuing to employ her.  Plaintiff alleges that by continuing to employ Lindsey, despite having knowledge that she is bound by the Agreement, Zynex has unjustifiably and intentionally interfered with its business relationship with Lindsey.  Such facts, taken as

-6-

true, are sufficient to allege the third element of the cause of action at this stage of the proceedings.   Accordingly, Zynex's Motion to Dismiss is denied as to Count II.

**B.   Unjust Enrichment**

Zynex next argues that Count III for unjust enrichment should be dismissed pursuant to Rule 12(b)(6) because Plaintiff has failed to state a claim upon which relief can be granted.   The Court agrees.

To state a claim for unjust enrichment, a plaintiff must show that (1) the plaintiff conferred a benefit on the defendant, who had knowledge of the benefit; (2) the defendant voluntarily accepted and retained the benefit; and (3) under the circumstances it would be inequitable for the defendant to retain the benefit without paying for it.  Tooltrend, Inc. v. CMT Utensil, SRL, 198 F.3d 802, 805 (11th Cir. 1999).

Zynex argues that Plaintiff has failed to allege any conduct on its part that conferred a *direct* benefit on Zynex, because Zynex did not have a direct relationship with Plaintiff but only with Plaintiff's former customers. It is true that to support a claim for unjust enrichment, the benefit conferred must be a direct benefit.  See Huntsman Packaging Corp. v. Kerry Packaging Corp., 992 F. Supp. 1439, 1446 (M.D. Fla. 1998).  However, the Court need not reach the

issue of whether Plaintiff conferred a direct benefit on Zynex, because Plaintiff's claim for unjust enrichment is premised on Zynex's wrongful conduct and, as such, cannot support a claim for unjust enrichment.

"Liability in unjust enrichment has nothing to do with fault." Tilton v. Playboy Entm't Grp., Inc., 8:05-cv-692-T-30TGW, 2007 WL 80858, at *3 (M.D. Fla. Jan. 8, 2007) (citations omitted). Indeed, an unjust enrichment claim "should be premised on circumstances under which it would be inequitable for the defendant to retain the benefit without paying for it." Id.  In other words:

> [t]he law of unjust enrichment is concerned solely with enrichments that are unjust independently of wrongs and contracts.  When the plaintiff relies on a breach of a contract to supply the "unjustness" of the defendant's holdings, the right on which he or she relies arises from the breach of the contract, not from an unjust enrichment; analogously, when the plaintiff relies on a wrong to supply the "unjust factor," the causative event is a wrongful enrichment rather than an unjust enrichment.

Flint v. ABB, Inc., 337 F.3d 1326, 1330 n.2 (11th Cir. 2003).

"The paradigm examples of unjust enrichment are mistaken transfers." Guyana Tel. & Tel. Co., Ltd. v. Melbourne Intern. Commc'ns, Ltd., 329 F.3d 1241, 1245 n.3 (11th Cir. 2003). "Where a plaintiff predicates their unjust enrichment claim on wrongful conduct of a defendant, then the plaintiff's right of

recovery, if any, arises from the wrong of the alleged tort rather than unjust enrichment." <u>Tilton</u>, 2007 WL 80858, at *3.

Here, Plaintiff's claim is not based on a mistake by which Zynex unjustifiably came to hold Plaintiff's property and should be required to return it.   Rather, Plaintiff's claim is based upon Zynex's alleged wrongful conduct -- tortious interference with Plaintiff's contract with Lindsey and Zynex's subsequent employment of Lindsey in violation of the Agreement -- which allegedly motivated Plaintiff's customers to transfer their business to Zynex.   In essence, Plaintiff has not "conferred" any benefit on Zynex, but instead has had a benefit taken away from it by Zynex's alleged wrongful conduct.   "As soon as a claimant relies on a wrong to supply the unjust factor, the right on which he relies arises from that wrong, not from unjust enrichment." <u>Guyana</u>, 329 F.3d at 1245 n.3.   Thus, Plaintiff's right of recovery, if any, for the alleged wrongful conduct of Zynex arises in tort, which, if proven, might entitle Plaintiff to damages, rather than unjust enrichment.   Since the law of unjust enrichment is concerned solely with enrichments that are unjust independent of alleged wrongs, Plaintiff's unjust enrichment claim must be dismissed.

Accordingly, it is

-9-

**ORDERED, ADJUDGED** and **DECREED:**

Defendant Zynex's Motion to Dismiss Amended Complaint (Doc. # 24) is **DENIED** as to Count II of the Amended Complaint and **GRANTED** as to Count III of the Amended Complaint.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 2nd day of May, 2012.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record

-10-